THE SECURITY NATIONAL BANK OF TRENTON, PLAINTIFF-RESPONDENT, v. JOHN BELL, DEFENDANT-APPELLANT.

Submitted October 25, 1940—Decided January 28, 1941.

For the defendant-appellant, *Mario H. Volpe* and *Joseph D. Kaplan*.

For the plaintiff-respondent, *Harvey T. Satterthwaite*.

The opinion of the court was delivered by

Donges, J. This appeal is from a judgment of the Supreme Court reversing a judgment of the Trenton District Court in an action in replevin for possession of an automobile truck.

The stipulated facts are that, on June 8th, 1939, plaintiff-respondent, Security National Bank of Trenton, lent to Cecil J. Edwards the sum of $368.75 and took his note as evidence of the debt. The loan was to be repaid in monthly payments.

To secure the loan, Edwards delivered to the bank an unconditional bill of sale of his automobile truck, which the bank registered with the Motor Vehicle department. It is stipulated that the conveyance was made as security and that, upon payment of the sum due the bank, the title was to be reconveyed to Edwards. Edwards continued in possession of the truck and operated it with his license plates thereon.

Subsequently, the truck was seized by a creditor under a garagemen's lien and stored in a garage in Princeton. On September 25th, 1939, the defendant-appellant herein, John Bell, recovered a judgment against Edwards in the Trenton District Court. Execution was issued thereon, a levy was made on the truck, and on October 2d, 1939, a constable sold the truck, at a sale under the execution, to appellant Bell for the sum of $150, being the highest bid at such sale. On October 3d, 1939, the Motor Vehicle Department issued a foreclosure bill of sale of the truck to Bell. The respondent bank thereupon instituted this replevin suit in the District Court. The sole question involved herein is, under the agreed facts, who has the title to and right of possession of the truck? No other question is raised.

The District Court judge gave judgment in favor of Bell; the Supreme Court reversed and held the bank's right was paramount.

Appellant contends that the conveyance to the bank, being merely as security for the debt, was in effect a chattel mortgage and, to be valid against creditors of Edwards, should have been recorded as required by the Chattel Mortgage act. *N. J. S. A.* 46:28-5. Admittedly, there was no change of possession of the chattel; nor was there compliance with the Chattel Mortgage act by recording the bill of sale in the local recording office as a chattel mortgage.

Respondent contends that the Motor Vehicle Transfer act alone is controlling in the situation presented. (*N. J. S. A.* 39:10-1 *et seq.*) The Supreme Court so held, saying: "The legislature wisely provided a convenient and expeditious manner for the transfer of title to automobiles. The original bill of sale filed with the commissioner may be transferred in compliance with the statute and the holder thereby by due

transfer has good title as against subsequent judgment creditors of the transferee, the provisions of the Uniform Conditional Sales law having no place in the situation." This holding results in putting motor vehicles, pledged for debt, in a different class from other chattels with respect to the operation of the Chattel Mortgage act.

In passing, it may be said that the instrument in question was not a conditional bill of sale but an absolute bill of sale. It does not conform to the statutory definition of conditional sale. (*N. J. S. A.* 46:32-2.) Nor did the bank execute back to Edwards a conditional bill of sale and have it duly registered. Conditional bills of sale of motor vehicles may be recorded with the Commissioner of Motor Vehicles.

In *Hastings* v. *Fithian,* 71 *N. J. L.* 311, this court held that a bill of sale absolute in form but executed as security for a debt was a mortgage, and that, since there was no change of possession of the goods, it would have to be recorded in accordance with the Chattel Mortgage act to be valid against creditors. It was there held that such was the effect at law. There is apparently no difference in the holding at law or in equity. In *Harding* v. *First-Mechanics National Bank,* 113 *N. J. Eq.* 129, this court adopted the view expressed by the Court of Chancery that bills of sale of automobiles given to secure loans were chattel mortgages and were void against creditors of the grantor for failure to comply with the terms of the Chattel Mortgage act.

There seems to be no reason why the pledging of motor vehicles should be in any different class than that of other chattels. The cited cases clearly hold that they are not to be so regarded. There is nothing in the Motor Vehicle act which so classifies them. Only as to sales of motor vehicles, either absolute or conditional, are they regarded as not subject to the ordinary rules of law. As stated, this was neither an absolute sale nor a conditional sale. It was a pledging of security. A chattel mortgage was clearly the method by which the security might be pledged.

If this was intended to be other than a mortgage, both the bank and Edwards violated the act. Edwards kept the truck and operated it with his license plates. *N. J. S. A.* 39:3-30

provides: "Upon the transfer of ownership or the destruction of any motor vehicle its registration shall expire. If the motor vehicle is sold the original owner shall remove the registration plates therefrom, and, within forty-eight hours, notify the commissioner of the name and address of the purchaser."

We conclude that the conveyance was a chattel mortgage, since it was given only to secure a debt; that, not being properly recorded as such, it was void against creditors; that there is no provision of the Motor Vehicle act validating such transaction as against creditors.

The judgment of the Supreme Court is reversed, and the judgment of the District Court is affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ.   12.